UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William Richard Iverson,

Plaintiff,

vs.                                                    REPORT AND RECOMMENDATION

Department of Corrections, Mental
Health and Correctional Officials,
Washington County Court Judge(s),
Court Reporters, Lori Swanson --
Attorney General State of Mn.,

Defendants.            Civ. No. 07-4710 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. § 636(b)(1)(B), upon the Plaintiff's pleading entitled "Civil Rights Complaint

Violation Under 42 U.S.C. 1983," see, <u>Docket No. 1</u>,  and upon an initial screening

pursuant to Title 28 U.S.C. §1915A.

For reasons which follow, we recommend that the action be summarily dismissed.

## II.  Factual Background

The Plaintiff is a prisoner of the State of Minnesota, who is incarcerated at the Minnesota Correctional Facility, in Oak Park Heights, Minnesota.  He is presently attempting to sue several employees of the Minnesota Department of Corrections ("DOC"), as well as several employees of Washington County, Minnesota.  The caption of the Plaintiff's Complaint indicates that he is also attempting to sue the Minnesota Attorney General, and one or more State District Court Judges for Washington County, Minnesota.  Although much of the Plaintiff's Complaint is rather difficult to comprehend, it appears that he is challenging a Minnesota State Court Judgment, which allows DOC officials to give him neuroleptic medications against his will.

The Plaintiff's Complaint refers to "'Jarvis' hearings in [the] Washington County Court House."  Complaint, supra at p. 1.  We understand the statement to reference Hearings, which are conducted in the State Courts of Minnesota pursuant to Jarvis v. Levine, 418 N.W.2d 139 (Minn. 1988).  In Jarvis, the Minnesota Supreme Court held that "medical authorities seeking to treat [a person in State custody]

- 2 -

involuntarily with neuroleptic drugs must obtain pre-treatment judicial review." Id. at 150.  As a consequence, if DOC officials have concluded that the Plaintiff should be given neuroleptic drugs against his will, which apparently is the case here, they would have to seek, and obtain, judicial approval in State Court by means of a Jarvis Hearing.

The Plaintiff's Complaint states that DOC officials did, in fact, initiate a Jarvis Hearing in Washington County, and that the State Court entered an Order that permits DOC officials to forcibly administer neuroleptic drugs to the Plaintiff.  The Complaint further alleges that the Plaintiff is currently seeking further review of that ruling in the Minnesota Court of Appeals.  See, Complaint, supra at p. 1.

The Plaintiff is also challenging the outcome of his Jarvis Hearing in his present Federal Civil Rights Complaint.  He alleges that the various Defendants presented false evidence at the Jarvis Hearing, and "distorted" and "exaggerated" various incidents that were presented as evidence at the Hearing.  In the "RELIEF" section of his Complaint, the Plaintiff specifically requests "an ORDER to force the DOC to stop using the judicial process [of the] lower courts, for purposes of CONTROL in a prison setting."  Complaint, supra at p. 4.  Thus, we understand the Plaintiff to be asking the Federal District Court to review, and overturn, the Judgment entered by the State Court at his Jarvis Hearing.  The Plaintiff is also seeking $750,000.00 in damages

for the "brain damage and physical side-affects [sic] of neuroleptics [administered] by DOC State of Minnesota Officials," as a result of the Judgment entered at the <u>Jarvis</u> Hearing. <u>Id</u>.

### III. <u>Discussion</u>

Since the Plaintiff is a prisoner, who is seeking redress from governmental employees, his pleading is subject to preliminary "screening" pursuant to Title 28 U.S.C. §1915A. Section 1915A, which is a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires Federal Courts to screen the pleadings in every civil action, which is commenced by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing." <u>Title 28 U.S.C. §1915A(a)</u>.[1] Applying Section 1915A here, we find that

---

[1]We note that, by Order dated December 3, 2007, the District Court, the Honorable David S. Doty presiding, granted the Plaintiff's Motion to proceed <u>in forma pauperis</u> ("IFP"). See, <u>Docket No. 4</u>. However, under Title 28 U.S.C. §1915A, District Courts are required to screen "all suits by prisoners, whether or not they seek to proceed in forma pauperis," <u>Fiorentino v. Biershbach</u>, 64 Fed. App. 550, 553 (7th Cir. 2003), quoting <u>Gladney v. Pendleton Correctional Facility</u>, 302 F.3d 773, 775 (7th Cir. 2002), and pursuant to Section 1915A(b)(1)-(2), this screening must take place, even if the prisoner has already paid the filing fee, or been granted leave to proceed IFP. <u>Id.</u>; see also, <u>Rowe v. Shake</u>, 196 F.3d 778, 781 (7th Cir. 1999); <u>Lewis v. Estes</u>, 242 F.3d 375 (8th Cir. 2000)(Table Decision).

the Plaintiff's Complaint must be summarily dismissed for lack of subject matter jurisdiction.

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

As established by the Rooker/ Feldman doctrine, Federal Courts do not have subject matter jurisdiction over challenges to State Court decisions in judicial proceedings.  See, Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also, Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-88 (2005); Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001); Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997).  The Rooker/ Feldman doctrine provides that, except for Federal Habeas Corpus Petitions, "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005).

With minor exceptions, which do not apply here, the Federal review of a State Court determination may only be obtained in the United States Supreme Court. See, District of Columbia Court of Appeals v. Feldman, supra at 476, citing Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995); see also, Title 28 U.S.C. §1257. The Supreme Court, in Feldman, formulated a general rule which distinguishes general constitutional challenges to State laws and regulations -- over which the Federal Courts have jurisdiction -- from requests for review of specific State Court decisions, over which they have no jurisdiction. As explained by the Court, when the Federal claims are "inextricably intertwined with" State Court "decisions, in judicial proceedings," they fall outside of the Federal Court's jurisdiction. See, District of Columbia Court of Appeals v. Feldman, supra at 486-87.

Under this test, a Federal Court lacks subject matter jurisdiction "if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, supra at 983; see also, Bechtold v. City of Rosemount, supra at 1065. Stated otherwise, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited

appeal of the state court judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)(Marshall, J., concurring).

Within this Circuit, even when a litigant has not had a fair opportunity to litigate a claim in the prior State Court proceeding, the Rooker/Feldman jurisdictional bar still applies, so long as the merits of the Federal action are "inextricably inter-twined" with the State Court decision. See, In re Goetzman, 91 F.3d 1173, 1178 (8th Cir. 1996), cert. denied sub nom., Goetzman v. Agribank, FCB, 519 U.S. 1042 (1996); Postma v. First Federal Savings & Loan, 74 F.3d 160, 162 (8th Cir. 1996); but see, Centifanti v. Nix, 865 F.2d 1422, 1433 (3rd Cir. 1989)(failure to raise constitutional claims in State Supreme Court does not bar District Court from hearing those claims when plaintiff did not have "realistic opportunity to fully and fairly litigate" claims in state court); Raddatz v. Beaubien, 880 F. Supp. 500, 503 (E.D. Mich. 1995)("[T]here is an exception to the Rooker/Feldman doctrine in cases where the state court judgment is alleged to have been procured through fraud, deception, accident, or mistake."). As pertinent here, the Rooker/Feldman doctrine is applicable to claims requesting injunctive or declarative relief. See, Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 2000).

Recognizing that lower Courts have construed the Rooker/Feldman doctrine "to extend far beyond the contours of the Rooker and Feldman cases," the Supreme Court recently clarified that the Rooker/Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name:   cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., supra at 284; see, Lance v. Dennis, 546 U.S. 459, ---, 126 S.Ct. 1198, 1199 (2006); Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005), cert. denied, --- U.S. ---, 126 S.Ct. 2031 (2006). Under this framework, the Rooker/Feldman doctrine will only apply in those instances where "the federal suit is commenced after the state court proceedings have ended." Dornheim v. Sholes, supra at 923.

In reaching its holding, the Supreme Court, in Exxon-Mobil, observed that the "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law," and that "[p]reclusion, of course, is not a jurisdictional matter." Id. at 293.  Accordingly, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party * * *, then there is jurisdiction and state law

- 8 -

determines whether the defendant prevails under principles of preclusion."   Id.,

quoting, GASH Associates v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993);

accord Noel v. Hall, 341 F.3d 1148, 1163-64 (9th Cir. 2003).  Since deciding Exxon-

Mobil, the Supreme Court has further reiterated that "Rooker-Feldman is not simply

preclusion by another name," and "[i]ncorporation of preclusion principles into

Rooker-Feldman risks turning that limited doctrine into a uniform **federal** rule

governing the preclusive effect of state-court judgments, contrary to the Full Faith and

Credit Act."  Lance v. Dennis, supra at 1202-03 [emphasis in original].

        In the wake of the Supreme Court's decisions in Exxon-Mobil, and Lance,

several  Circuit  Courts  of  Appeals  have  reexamined  their  Rooker/Feldman

jurisprudence.  Those Courts have invariably determined that the doctrine is limited to

situations where the plaintiff seeks redress for injuries that were caused by a State

Court Judgment.  See, McCormick v. Braverman, 451 F.3d 382, 392 (6th Cir. 2006),

cert. denied, --- U.S. ---, 128 S.Ct. 41 (2007); Turner v. Crawford Square Apartments

III, L.P., 449 F.3d 542, 547 (3rd Cir. 2006); Bolden v. City of Topeka, 441 F.3d 1129,

1145 (10th Cir. 2006); Davani v. Virginia Department of Transportation, 434 F.3d 712,

718 (4th Cir. 2006); Hoblock v. Albany County Board of Elections, 422 F.3d 77,  87

(2nd Cir. 2005); <u>Galibois v. Fisher</u>, 174 Fed.Appx. 579, 579-81 (1st Cir. 2006); see also,

<u>Noel v. Hall</u>, supra at 1163; <u>Jensen v. Foley</u>, 295 F.3d 745, 747-48 (7th Cir. 2002).

Indeed, the Court of Appeals for the Second Circuit has determined that the

requirement set forth in <u>Exxon-Mobil</u>, that "federal plaintiffs are not subject to the

<u>Rooker-Feldman</u> bar unless they **complain of an injury** caused by a state judgment

* * * is the core requirement from which others derive." <u>Hoblock v. Albany County</u>

<u>Board of Elections</u>, supra at 87 [emphasis in original].  In reaching this conclusion, the

Court explained, as follows:

> First, this requirement explains why a federal plaintiff cannot
> escape the Rooker-Feldman bar simply by relying on a legal
> theory not raised in state court.  **Suppose a state court,**
> **based purely on state law, terminates a father's**
> **parental rights and orders the state to take custody of**
> **his son. If the father sues in federal court for the**
> **return of his son on grounds that the state judgment**
> **violates his federal substantive due-process rights as a**
> **parent, he is complaining of an injury caused by the**
> **state judgment and seeking its reversal.  This he may**
> **not do, regardless of whether he raised any**
> **constitutional claims in state court, because only the**
> **Supreme Court may hear appeals from state-court**
> **judgments**.
>
> Further, by focusing on the requirement that the state-court
> judgment be the source of the injury, we can see how a suit
> asking a federal court to "den[y] a legal conclusion"

reached by a state court could nonetheless be independent
for <u>Rooker-Feldman</u> purposes.  Suppose a plaintiff sues his
employer in state court for violating both state anti-
discrimination law and Title VII and loses.  If the plaintiff
then brings the same suit in federal court, he will be seeking
a decision from the federal court that denies the state
court's conclusion that the employer is not liable, but he
will not be alleging injury from the state judgment.  Instead,
he will be alleging injury based on the employer's
discrimination.  The fact that the state court chose not to
remedy the injury does not transform the subsequent federal
suit on the same matter into an appeal, forbidden by
<u>Rooker-Feldman</u>, of the state-court judgment.

<u>Id.</u> at 87-88 [emphasis added].

Given these precepts, the "inextricably intertwined" language, which is set forth in

<u>Feldman</u>, "does not create an additional legal test for determining when claims

challenging a state-court decision are barred, but merely states a conclusion:  if the

state court loser seeks redress in the federal district court for the injury caused by the

state court decision, his federal claim is, by definition, 'inextricably intertwined' with

the state court decision, and is therefore outside of the jurisdiction of the federal

district court." <u>Davani v. Virginia Department of Transportation</u>, supra at 719.

As recently explained by our own Court of Appeals:

A district court is not deprived of jurisdiction over every
case in which a plaintiff seeks a result different from the one
it obtained in state court * * * [citation to <u>Exxon Mobil</u>
omitted.]  Rather, <u>Rooker-Feldman</u> is implicated in that

- 11 -

> subset of cases where the losing party in a state court action
> subsequently complains about that judgment and seeks
> review and rejection of it.

Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1157 (8th Cir. 2007).

Based on the overwhelming weight of the authorities we have cited, we conclude that, under Exxon-Mobil, the Rooker/Feldman doctrine only applies in those instances where the plaintiff seeks redress for an injury which, he alleges, was caused by the State Court decision itself.

Nevertheless, the Rooker/Feldman doctrine remains applicable to "[a] claim seeking redress for an injury caused by the state court decision itself -- even if the basis of the claim was not asserted to the state court," since such a claim "asks the federal district court to conduct an appellate review of the state court decision." Fearing v. City of Lake St. Croix Beach, 2006 WL 695548 at *4 (D. Minn., March 17, 2006). Moreover, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by the state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Id. at *5, quoting Hoblock v. Albany County Board of Elections, supra at 88.

- 12 -

Here, all of the Plaintiff's claims against the Defendants are predicated on the State District Court's ruling at the Plaintiff's <u>Jarvis</u> Hearing. The Plaintiff is directly challenging the ruling itself, by asking the Federal Court to review it and overturn it. In addition, the Plaintiff is seeking damages for injuries allegedly caused by the State Court's ruling. In other words, the Plaintiff is seeking relief for injuries allegedly caused solely by the forced administration of neuroleptics **pursuant to the State Court's ruling at the <u>Jarvis</u> hearing**. As a result, we can conceive of no circumstance under which the Plaintiff could succeed on the merits of his current action against the Defendants without a reversal of the Judgment entered in the State Court's <u>Jarvis</u> proceeding. Indeed, a reversal of that State Court Judgment appears to be precisely the relief that the Plaintiff is seeking here. However, such relief is not available by means of a Federal Court civil rights action.

We find that the <u>Rooker/Feldman</u> doctrine is applicable here, because the Plaintiff is asking the Federal District Court to review and overturn the Order of the Washington County District Court, which has allowed DOC officials to forcibly administer neuroleptics to the Plaintiff. However, the only Federal Court that could

- 13 -

properly review that Order is the United States Supreme Court.[2]  With the exception of Habeas Corpus proceedings, <u>Rooker/Feldman</u> prohibits this Federal Court from re-examining rulings made by a Minnesota State Court, under the circumstances presented here.

Since we find that the application of the <u>Rooker/Feldman</u> doctrine deprives the Court of Federal subject matter jurisdiction over the Plaintiff's claims against the Defendants, we recommend that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction, and further recommend that the dismissal of the Plaintiff's claims not count as a "strike" against the Plaintiff for the purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is –

RECOMMENDED:

---

[2]As previously noted, it appears that the Plaintiff is currently challenging the outcome of his <u>Jarvis</u> Hearing in the Minnesota Court of Appeals.  If that appeal is unsuccessful, he may then seek further review in the Minnesota Supreme Court.  He cannot seek certiorari review in the United States Supreme Court until there has been a final ruling by the highest State Court.  See, Rule 13.1, <u>Supreme Court Rules</u>.

1.     That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed pursuant to Title 28 U.S.C. §1915A, and Rule 12(h)(3), Federal Rules of Civil Procedure.

2.     That, irrespective of summary dismissal, the action not be counted as a "strike" for purposes of Title 28 U.S.C. §1915(g).


Dated:  January 7, 2008              s/Raymond L. Erickson
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE  JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 25, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 25, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.